

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 11, 1949

Hon. Claude Isbell                    Opinion No. V-931.
Executive Secretary
Board of Regents                      Re: Use of proceeds of bonds
State Teachers Colleges                   issued under Art. VII,
Austin, Texas                             Sec. 17 of Texas Consti-
                                          tution.

Dear Sir:

        We refer to your inquiry from which we quote:

        "1. At the East Texas State Teachers
College, Commerce, Texas, in a building
heretofore constructed and occupied by the
Department of Journalism and designated as
Dealey Hall, space was provided for a Col-
lege Printing Shop. Question. Would the
College be authorized to purchase $50,000
worth of printing equipment out of the pro-
ceeds mentioned in Article 7, Section 17,
of the Constitution of Texas, to be placed
in such building?

        "2. Could any portion of the funds
provided for by Article 7 Section 17 of the
Constitution of the State of Texas be used
by any College for the purposes of clearing,
grading, drainage or other surface improve-
ments on a certain portion of the campus,
anticipating subsequent erection of build-
ings thereon?

        "3. Could funds provided for by Arti-
cle 7 Section 17 of the Constitution of the
State of Texas be used by any College for
the purpose of converting a gymnasium for
the exclusive use of Women's Department of
Physical Education?"

        With respect to your first question, this of-
fice is further informed by officials of the college
that the building, Dealey Hall, was acquired while Arti-
cle VII, Section 17 of the Constitution was in litigation

Whiteside v. Brown, 214 S.W.2d 844 (Tex. Civ. App. 1948, error dism.)/ It was acquired with funds other than those provided by that Constitutional Amendment. Title in fee simple rests in the State for the use and benefit of the college. Space in Dealey Hall was set aside for a college printing shop (to be operated in connection with the Department of Journalism). Such space has never been equipped, initially or otherwise, for that purpose.

Section 17, Article VII, of the Constitution of Texas, the College Building Amendment, provides in part:

" . . . there is hereby levied . . . a State ad valorem tax on property of five cents (5¢) . . . for the purpose of acquiring, constructing and initially equipping buildings or other permanent improvements at the designated institutions of higher learning; and the governing board of each of such institutions of higher learning is fully authorized to pledge all or any part of said funds allotted to such institution as hereinafter provided, to secure bonds or notes issued for the purpose of acquiring, constructing and initially equipping such buildings or other permanent improvements at said respective institutions. . .

" . . . and all such designated institutions of higher learning which participate in . . . such funds shall not thereafter receive any other state funds for the acquiring or constructing of buildings or other permanent improvements . . ." (except in case of calamity).

In our opinion No. V-848, outlining the history of the amendment, we held it was intended by the Legislature and the people to provide primarily for the construction or acquisition of buildings, and the construction or acquisition of other permanent improvements and that there is no provision therein for the repair of existing buildings with such funds.

The question for decision here is whether that amendment can be construed to authorize the use of the funds provided therein for "initially equipping" a

building for college printing shop purposes which was acquired after the amendment became effective from sources other than those provided in the amendment.

It is our interpretation that Article VII, Section 17, was intended to provide for the construction or acquisition of buildings and other permanent improvements and for the initially equipping of such buildings or permanent improvements. There is no provision in the amendment for "initially equipping" existing buildings or buildings acquired from sources other than those provided in the amendment. Nor do the express provisions of that amendment warrant such a construction by implication.

It will be noted also that the amendment does not say "for the purpose of acquiring, constructing or initially equipping buildings . . ." It uses the conjunctive word "and" rather than the disjunctive word "or". The word "and" as used herein, when considered along with the spirit and context of the amendment, precludes, we believe, construction thereof as being interchangeable with "or." 2 Sutherland's Statutory Construction (3rd Ed. 1943) 450, Sec. 4923.

Accordingly, Dealey Hall not having been acquired or constructed with Constitutional Amendment building funds (Tex. Const., Art. VII, Sec. 17), those funds may not be used for initially equipping this building.

Concerning your second question, the amendment authorizes the governing board of the college to pledge the tax funds to be provided to secure bonds or notes issued for the purpose of constructing buildings or other permanent improvements at the respective institutions. You state that the college (pursuant to and anticipating subsequent erection of a new building) desires now to use a portion of its amendment funds for clearing, grading, drainage, and other surface improvements on that part of the campus on which the building is to be constructed. We think that such improvements may properly be considered either as "other permanent improvements" or as necessarily incidental to the construction of a new building on the campus. The funds provided and to be allotted under the amendment may be expended by the governing board of the college for the purposes stated.

For answer to your third question, we quote from Opinion No. V-848 as follows:

"It is conceivable that the shell of a building could be so completely remade and altered that the college would be considered as thereby 'acquiring' or 'constructing' a new building or improvement . . . We have no particular facts before us and will not attempt to lay down any hard and fast line as to when there is an 'acquiring' or 'construction' and when there is a repairing or alteration. The matter rests in the first instance within the sound discretion of the governing boards of the various institutions. The responsibility was placed there by the people in the adoption of the amendment. The good faith and sound judgment of such governing boards will be given due respect by the courts should their decisions be questioned."

Further, Opinion No. V-848 among other matters held that money received from college amendment bonds may not be used to make repairs to existing buildings.

### SUMMARY

Only those buildings or other permanent improvements acquired or constructed with Constitutional Amendment building funds (Tex. Const. Art. VII, Sec. 17) may be initially equipped at the expense of that fund.

Those funds may be used for purposes of clearing, grading, drainage, or other surface improvements on a portion of East Texas State Teachers College campus, anticipating subsequent erection of buildings thereon with college amendment funds.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL

CEO:mw:bh